ROB BONTA
Attorney General of California
LARA HADDAD, State Bar No. 319630
Supervising Deputy Attorney General
WILLIAM BELLAMY, State Bar No. 347029
Deputy Attorney General
CARTER M. JANSEN, State Bar No. 347116
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6601
  Fax:  (916) 731-2124
  E-mail:  carter.jansen@doj.ca.gov
*Attorneys for Rob Bonta in his official capacity as*
*Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA MORTGAGE ASSOCIATION**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA**, in his official capacity as Attorney General of the State of California,<br><br>Defendant. | Case No. 2:25-cv-02614-DAD-CKD<br><br>**DEFENDANT'S OPPOSITION TO *EX PARTE* APPLICATIONS OF JOHN AND MARINA AKRABIAN FOR LEAVE TO INTERVENE AND TO CONTINUE HEARING ON MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS [DKT. NO. 33]**<br><br>Judge:      Hon. Dale A. Drozd<br>Courtroom:  4, 15th floor<br><br>Action Filed:  September 8, 2025 |

1

1    Defendant Rob Bonta, in his official capacity as the Attorney General of the State of

2    California (the "Attorney General"), submits the following Opposition to John and Marina

3    Akrabian's (the "Akrabians") *Ex Parte* Applications for (1) Leave to Intervene and (2)

4    Continuance of Hearing on Motion for Preliminary Injunction and Motion to Dismiss (Dkt. No.

5    33).  The Court should deny the Applications to the extent that they call for a continuance of the

6    hearing scheduled for February 19, 2026, and set a regular briefing schedule on their application

7    for leave to intervene.

8    On February 9, 2026, counsel for the Akrabians emailed counsel for the Attorney General,

9    requesting the Attorney General's stipulation or non-opposition to the Akrabians' intervention

10    and a continuance of the February 19, 2026 hearing date.  *See* Dkt. No. 33-1 at 39 (Exhibit C-1 to

11    the Akrabians' Application).  Counsel for the Attorney General informed the Akrabians that he

12    did not consent to their intervention at this time, that he would not stipulate to a continuance of

13    the February 19, 2026 hearing, and that he remained committed to vigorously defending the

14    constitutionality of the statute.  *Id.*

15    The continuance requested by the Akrabians would substantially prejudice the parties.

16    Both Defendant's Motion to Dismiss (Dkt. No. 20) and Plaintiffs' Motion for Preliminary

17    Injunction (Dkt. No. 19) (the "Motions") have been fully briefed.  The parties diligently

18    negotiated a briefing and hearing schedule, collectively filed six substantive briefs on the Motions

19    (totaling over 150 pages) over the past two months, and retained expert witnesses in connection

20    with the Motions.  Permitting a would-be intervenor to continue the hearing at this late stage

21    would unnecessarily prolong the Court's adjudication of the Motions and waste judicial

22    resources.

23    Moreover, the Akrabians fail to show why their application could not have been made any

24    earlier than February 13, 2026—a mere three business days before the scheduled motion hearing.

25    The Akrabians assert that the need to intervene did not become clear "until the completion of

26    initial briefing . . . on February 3, 2026."[1]  Dkt. No. 33 at 7.  But the parties' positions on the

27    _____

     [1] Contrary to the Akrabian's claim, the merits of the Motions were fully briefed as of

28    January 23, 2026.  *See* Dkt. Nos. 28, 29.  The document filed on February 3, 2026, was the

(continued…)

1  merits of Plaintiffs' claims were made clear on December 15, 2025, when the initial motions were

2  filed.  *See* Dkt. Nos. 19, 20.  Indeed, the Attorney General explained his position with respect to

3  the challenged statute, including his defense of its retroactive application (which the Akrabians

4  flag in their motion), in his Motion to Dismiss filed in December.  *See* Dkt. No. 20 at 23 (arguing

5  that "the 'unlawful practices' set forth in subdivision (b) may be given retroactive effect to the

6  extent they impact foreclosures initiated after the statute became law").  If the Akrabians believe

7  that the Attorney General's position on retroactivity does not adequately represent their interests,

8  they could have moved to intervene two months ago, rather than waiting until the eve of the

9  upcoming hearing.  Indeed, how this Court rules on the parties' pending motions may affect

10  whether the Akrabians still want to intervene.

11      For these reasons, the Attorney General respectfully requests that the Court deny the

12  Akrabians' *Ex Parte* Applications and set a regular briefing schedule on their pending request to

13  intervene.

14

    Dated:  February 17, 2026                         Respectfully submitted,
15

16                                                     ROB BONTA
                                                       Attorney General of California
17                                                     LARA HADDAD
                                                       Supervising Deputy Attorney General
18                                                     WILLIAM BELLAMY
                                                       Deputy Attorney General
19

20                                                     _____
                                                       CARTER M. JANSEN
21                                                     Deputy Attorney General
                                                       *Attorneys for Defendant Rob Bonta in his*
22                                                     *official capacity as Attorney General of the*
                                                       *State of California*
23

24

25

26

27
    _____
28  Attorney General's Responses to Plaintiffs' Evidentiary Objections; it reveals nothing new about
    the parties' positions with respect to the retroactive application of Section 2924.13.