UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MORTGAGE ASSOCIATION, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>ROB BONTA,<br><br>            Defendant. | No.  2:25-cv-02614-DAD-CKD<br><br>ORDER DENYING PROPOSED INTERVENOR-PLAINTIFFS' MOTION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. No. 34) |

This matter is before the court on proposed intervenor-plaintiffs' February 13, 2026 motion to continue the hearing set for February 19, 2026 on plaintiffs' motion for preliminary injunction (Doc. No. 19) and defendant's motion to dismiss (Doc. No. 20).[1]  (Doc. No. 34.)  On February 17, 2026, plaintiffs and defendant filed oppositions to the *ex parte* motion to continue the hearing.  (Doc. Nos. 36, 37.)

Local Rule 230(f) requires that any request "for continuances of hearings on the motion calendar, upon stipulation or otherwise, shall be made to the Judge or Magistrate Judge on whose calendar the matter is set, at least seven (7) days before the scheduled hearing date."  L.R. 230(f).

---

[1]  The court does not address proposed intervenor-plaintiffs' motion to intervene at this time. (Doc. No. 33.)

1

The pending *ex parte* application was filed on February 13, 2026, which is less than seven days prior to the scheduled hearing date. Intervenor-plaintiffs argue that there is good cause to deem their *ex parte* application timely because they "determined that their interests . . . were not being advanced by the existing parties." (Doc. No. 34 at 4.) Intervenor-plaintiffs' counsel states that he was unable to timely file the pending application because he had not completed formal admission to the Eastern District of California. (*Id.* at 6.) Both of these proffered basis for a finding of good cause are unpersuasive. First, intervenor-plaintiffs represent, and defendant confirms, that they only indicated an intention to intervene during the week of February 9, 2026 and there is no explanation or showing of good cause before the court as to why intervenor-plaintiffs waited two months after the filing of plaintiffs' motion for preliminary injunction and defendant's motion to dismiss to seek intervention or a continuance of the hearings on those pending motions. (*See* Doc. Nos. 34 at 5; 37 at 2.) Second, intervenor-plaintiffs have provided no authority to support their apparent contention that failure to comply with Local Rule 180—which governs the admission of attorneys to the Eastern District of California—can constitute good cause for their failure to comply with Local Rule 230. Accordingly, the court finds that intervenor-plaintiffs have not shown good cause for their delay in filing their *ex parte* application to continue the February 19, 2026 hearing. *See, e.g., Hammler v. Hernandez*, No. 1:19-cv-00616-SKO (PC), 2023 WL 6050053, at *2 (E.D. Cal. Sept. 15, 2023) (denying the plaintiff's motion to file a sur-reply as untimely for failure to comply with the Local Rules).

      For the reasons explained above, the court DENIES intervenor-plaintiffs' *ex parte* application to continue the February 19, 2026 hearing (Doc. No. 34) as untimely in light of their failure to comply with Local Rule 230(f).

      IT IS SO ORDERED.

Dated:   **February 18, 2026**

*[Signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE