**CASE NO. 2:25-cv-02614-DAD-CKD**

_____

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

_____

**California Mortgage Association,** a California nonprofit association**; California Credit Union League**, a California nonprofit association; **United Trustees Association**, a nonprofit organization; **Chen Wang Qin**, an individual; **Surf City Investors, LLC**, a California limited liability company; **Stephen NG**, and individual; **NDetail Capital, LLC**, a California limited liability company; **Balboa, LLC**, a limited liability company; **William Terry Hunefeld**, an individual; **PostCity Financial Credit Union**, a non-profit financial cooperative; **Beacon Default Management, Inc**., a California Corporation**, and ZBS Law, LLP.,** a California limited liability partnership**.**
**Plaintiffs,**

**v.**

**Rob Bonta,** in his official capacity as
**Attorney General of the State of California,
Defendant.**

_____


**JOHN & MARINA AKRABIAN
NOTICE of MOTIONSPURSUANT TO
RULES 60(b)(1) and 60(b)(6) of the
Federal Rules of Civil Procedure and
LOCAL RULE 230(j) of the
EASTERN DISTRICT OF CALIFORNIA**


_____


**Michael L. Tusken**
**LAW OFFICES OF MICHAEL L. TUSKEN**
1510 W. Whittier Blvd., #42
La Habra, California 90631
(562) 365-9465; (562) 252-8529 Fax
Michael@TuskenLaw.com
*Attorney for John & Marina Akrabian*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................ii

NOTICE OF MOTION AND MOTION .......................................................... 1

GROUNDS UNDER RULE 60(b) AND LOCAL RULE 230(j) ........................... 3

TIMELINESS AND JURISDICTION ................................................................. 3

BASIS…………………………………………………………………………….4

MEMORANDUM OF POINTS AND AUTHORITIES............................................ 4
  I.   INTRODUCTION .......................................................................... 5
  II.  BACKGROUND............................................................................. 7
  III. LEGAL STANDARDS .................................................................. 7
  THE LEGISLATURE INTENDED §2924.13 TO BE GIVEN
  RETROACTIVE EFFECT…………………………………………...…...10
  MANIFEST INJUSTICE AND ERROR OF LAW —
  RULE 60(b)(1) AND 60(b)(6) .......................................................... 11
  IV.  SUMMARY OF LEGAL ARGUMENTS ........................................ 11
    A.  This Jurisdictional Dismissal Cannot Be Entered "With Prejudice,"
    "on the Merits," or "Without Leave to Amend" ................................ 11
    B.  The Proper-Defendant Defect the Court Identified Is Curable,
    so Dismissal Without Leave to Amend Was Error ........................... 12
  IV.  CONCLUSIONS [as numbered in the Motion]............................... 13
    A.  The Judgment Reflects a Mistake of Law Correctable
    Under Rule 60(b)(1) and 60(b)(6).................................................. 13
    B.  The Proper-Defendant Defect Is Curable,
    So Dismissal Without Leave to Amend Was Error .......................... 13
    C.  The Denial of Intervention Warrants Relief
    Under Rule 60(b)(6) and Local Rule 230(j) .................................. 14
    D.  On Reopening, the Akrabians' Renewed
    Motion to Intervene Should Be Granted......................................... 15
    E.  The Motion Is Timely,
    Is Not a Substitute for Appeal, and the Court May Act................... 16

COMPLIANCE WITH LOCAL RULE 231(d) .................................................. 16
  V.   PRAYER FOR RELIEF .............................................................. 16

SIGNATURE OF COUNSEL……………………………………………………17

DECLARATION OF MICHAEL L. TUSKEN
PURSUANT TO LOCAL RULE 230(j)............................................................ 18

[PROPOSED] ORDER.................................................................................... 22

PROOF OF SERVICE…………………………………………………………….23

*John and Marina Akrabian's 60(b)(1)-(6) Motion, and Motion to Adopt or Join in
[Documents 53-54] Stipulated Scheduling Order for CMA Plaintiffs' Motion for Rule 59(e) &
60(b)(1) & (6) briefing*                                                              **i**

**TABLE OF AUTHORITIES**

**Page(s)**

**1.   Cases — United States Supreme Court**

*Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022) .................. 16
*Ex parte Young*, 209 U.S. 123 (1908) ........................................................................ 4, 6, 9, 12
*Gonzalez v. Crosby*, 545 U.S. 524 (2005) ........................................................................ 7, 15
*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ...................................... 7, 16
*Kemp v. United States*, 596 U.S. 528 (2022) ........................................................... 3, 5, 7, 13
*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988) .............................. 7, 15
*United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) ................................................... 7, 15
*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021) ..................................................... 4, 12

**2.  Cases — United States Circuit Courts of Appeals for the 9th Circuit**

*Black v. Payne*, 591 F.2d 83 (9th Cir. 1979), cert. denied, 444 U.S. 867 (1979) ..................... 8
*Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ........ 15
*City of Oakland v. Hotels.com LP*, 572 F.3d 958 (9th Cir. 2009) ............................................. 8
*Cooper v. Ramos*, 704 F.3d 772 (9th Cir. 2012) ....................................................................... 8
*Fleck & Associates, Inc. v. City of Phoenix*, 471 F.3d 1100 (9th Cir. 2006) ..................... 11, 13
*Freeman v. Oakland Unified School District*, 179 F.3d 846 (9th Cir. 1999) ........................... 8
*Frigard v. United States*, 862 F.2d 201 (9th Cir. 1988) ....................................... 8, 11, 13
*Hampton v. Pacific Investment Management Co. LLC*, 869 F.3d 844 (9th Cir. 2017) ............. 9
*Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034 (9th Cir. 2004) ....................................... 8
*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006) ............................. 5, 7, 16
*Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir. 1996) ................................................................ 13
*Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697 (9th Cir. 1992) ...................................... 12
*Missouri ex rel. Koster v. Harris*, 847 F.3d 646 (9th Cir. 2017) ........................................ 7, 8
*Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681 (9th Cir. 2016) ................................. 7
*School District No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) ..... 11
*Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173 (9th Cir. 2011) (en banc) ............. 16

**3.  Cases — California Supreme Court**

*Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223 (2006) ........................ 10
*Evangelatos v. Superior Court*, 44 Cal. 3d 1188 (1988) ....................................................... 10
*In re Marriage of Bouquet*, 16 Cal. 3d 583 (1976) ............................................................... 10
*McHugh v. Protective Life Insurance Co.*, 12 Cal. 5th 213 (2021) ....................................... 10
*People v. Frahs*, 9 Cal. 5th 618 (2020) ................................................................................ 10
*Preston v. State Board of Equalization*, 25 Cal. 4th 197 (2001) ........................................... 10

**3.  United States Constitution, Code, and Court Rules**

**Constitutional Provisions**

U.S. Const. amend. XI ......................................................................................... 4, 11, 13

**United States Code**

42 U.S.C. § 1983       13
42 U.S.C. § 1988       13

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 15(a)   3, 12, 13
Fed. R. Civ. P. 24       2, 15, 16
Fed. R. Civ. P. 24(a)(2) ................................................................................................. 2, 6, 16
Fed. R. Civ. P. 24(b)   2, 16
Fed. R. Civ. P. 59(e)   1, 11, 12, 17
Fed. R. Civ. P. 60(b)   passim
Fed. R. Civ. P. 60(b)(1) ....................................................................................................... passim
Fed. R. Civ. P. 60(b)(6) ....................................................................................................... passim
Fed. R. Civ. P. 60(c)(1) ................................................................................................. 3, 5, 7, 16
Fed. R. Civ. P. 62.1    2, 3, 7, 16, 17

**Federal Rules of Appellate Procedure**

Fed. R. App. P. 4(a)(4)(B) ................................................................................................. 3, 7, 16

**Local Rules of the United States District Court, Eastern District of California**

E.D. Cal. L.R. 230(j)  passim
E.D. Cal. L.R. 231(d)  16

**4.  Code of Federal Regulations, Federal Register, and Executive Orders**

87 Fed. Reg. 31940 (2022) ..................................................................................................... 15

**5.  California Statutes**

Cal. Civ. Code § 2924.13 ..................................................................................................... passim
Cal. Civ. Code § 2924.13(d)–(g) ................................................................................................. 4
Cal. Civ. Code § 2924.13(g) ................................................................................................. 6, 7, 16
Cal. Fin. Code § 90002 ......................................................................................................... 13
Cal. Fin. Code § 90012 ......................................................................................................... 13
Assembly Bill 130 (2025) (eff. July 1, 2025) ...................................................................... 6, 10
Senate Bill 825 (Stats. 2025, ch. 355) .............................................................................. 13, 15

**6.  Secondary Sources**

11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2857 (3d ed.) .... 7

*John and Marina Akrabian's 60(b)(1)-(6) Motion, and Motion to Adopt or Join in*
*[Documents 53-54] Stipulated Scheduling Order for CMA Plaintiffs' Motion for Rule 59(e) &*
*60(b)(1) & (6) briefing*

**iii**

**Michael L. Tusken** (Cal. Bar No. 175715)
Law Offices of Michael Tusken
Email: Michael@TuskenLaw.com
1510 West Whittier Boulevard, #42
La Habra, California 90631
Telephone: 562-365-9465; Facsimile: 562-252-8529

**Attorney for John and Marina Akrabian**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| **California Mortgage Association**, a California nonprofit association; **California Credit Union League**, a California nonprofit association; **United Trustees Association**, a nonprofit organization; **Chen Wang Qin**, an individual; **Surf City Investors, LLC**, a California limited liability company; **Stephen NG**, and individual; **NDetail Capital, LLC**, a California limited liability company; **Balboa, LLC**, a limited liability company;  **William Terry Hunefeld**, an individual; **PostCity Financial Credit Union**, a non-profit financial cooperative; **Beacon Default Management, Inc.**, a California Corporation, and **ZBS Law, LLP**., a California limited liability partnership. <br><br>                    Plaintiffs, <br><br>      v. <br><br> **Rob Bonta, in his official capacity as Attorney General of the State of California**, <br><br>                  Defendant. | Case: 2:25-cv-02614-DAD-CKD <br><br> **JOHN AND MARINA AKRABIAN'S NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j) AND MOTION TO ADOPT OR JOIN IN [DOCUMENTS 53-54] STIPULATED SCHEDULING ORDER FOR CMA PLAINTIFFS' MOTION FOR RULE 59(e) & 60(b)(1) & (6) BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES** |

**1)**     Proposed Intervenors John and Marina Akrabian, by and through their undersigned counsel,

**HEREBY GIVE NOTICE TO THE COURT and ALL PARTIES** that they hereby move and request

leave, to join in the stipulated hearing and briefing schedule on Plaintiffs' "Motion to Alter, Amend,

Vacate or Set Aside Judgment under Federal Rules of Civil Procedure 59 and 60, and for Leave to File

Their Second Amended Complaint [Document 53, Filed 06/29/26) and the Court's minute order adopting and approving the same (Document 54, Filed 07/01/2026)[1].

**2)**     Subject to joinder in the Scheduling Order Proposed by Stipulation in Document 53 and Approved by the Court's Order of Document 55, or entry of a separate scheduling order as may be necessary, John and Marina Akrabian also hereby move the Court, under Federal Rule of Civil Procedure 60(b)(1) and (6), Local Rule 230(j), and Federal Rule of Civil Procedure 24, for an order:

a) granting relief from the Judgment (ECF No. 52) and the underlying Order (ECF No. 51) under Rule 60(b)(1), on the ground that the entry of a sovereign-immunity (jurisdictional) dismissal with prejudice, on the merits, and without leave to amend was a mistake of law, and correcting the dismissal to be without prejudice and not on the merits;

b) reconsidering and vacating, under Rule 60(b)(6) and Local Rule 230(j), the denial of the Akrabians' motion to intervene (ECF No. 33), which was denied only "as … moot" as a direct consequence of that judgment of dismissal (but both orders were legally erroneous);

c) upon reopening, granting the Akrabians' conditional renewed motion to intervene under Rule 24(a)(2) or Rule 24(b), or setting it for decision; and

d) in the alternative, if the Court concludes that a pending appeal limits its jurisdiction, issuing an indicative ruling under Rule 62.1.

---

[1] Intervenors, by and through their attorney's staff, had reached out to the Plaintiffs' attorneys starting June 12, after the entry of the June 4, Document 51, Order of dismissal, to meet and confer and to inquire whether the Plaintiffs planned on filing a Rule 59(e) or 60(b) Motion to Extend Jurisdiction in this Court, but had received no response. Intervenors did not believe it was feasible for them to intervene unless the Plaintiffs were also going to continue this case. But as of Monday, June 29, 2026, when Document 53 was filed, the record showed plainly that the Plaintiffs and Defendant had agreed to a scheduling order to keep this case active, without consulting or involving the intervenors. But then on July 2, 2026, before the Intervenors had filed their original draft Motion pursuant to Rule 59(e) and 60, the CMA Plaintiffs filed a Notice of Appeal, which might formally deprived the U.S. District Court of jurisdiction. Later that same day, just before midnight on July 2, 2026, the CMA Plaintiffs also filed a proposed Second Amended Complaint, under the label of a Rule 59(e) and 60(b) Motion, but without any supporting notice of motion, brief, or memorandum of points & authorities. The CMA intent appears to have been to file a "Protective Appeal"---and on July 4, 2026, the Akrabians filed their own Notice of Appeal of the Court's order granting the Attorney General's Motion to Dismiss "with prejudice" on June 4, 2026.

---

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND     2
LOCAL RULE 230(j)**

## GROUNDS UNDER RULE 60(b) and LOCAL RULE 230(j)

**3)**   Rule 60(b) affords relief from a judgment for specific reasons.

**4)**   The Akrabians identify the vehicle for each ground:

- **Mistake of law — Rule 60(b)(1).** A judge's legal error is a "mistake" under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). Entering a jurisdictional dismissal with preclusive, merits, with-prejudice effect, and denying leave to amend, is such an error.

- **Curable defect of parties — Rule 60(b)(1) with Rule 15(a).** The Order found the statute is enforced by borrowers, not the Attorney General (ECF No. 51 at 8); a wrong-defendant defect is cured by amendment or realignment, not a merits dismissal.

- **The CMA Plaintiffs have filed a proposed Second Amended Complaint following this Court's recommendations.**

- **Derivative denial of intervention — Rule 60(b)(6) and L.R. 230(j).** The denial of intervention rested solely on mootness flowing from the erroneous judgment; reconsideration of the ruling on the Akrabians' own motion lies under L.R. 230(j) and, as extraordinary circumstances, Rule 60(b)(6).

- **Intervention on reopening — Rule 24(a)(2), (b).** The Attorney General took no position on the temporal scope of § 2924.13 or on completed or previously litigated foreclosures, so he does not represent the Akrabians' interest.

## TIMELINESS AND JURISDICTION

**5)**   This Motion is filed within a reasonable time — within the period for appeal from the June 4, 2026 Judgment. Fed. R. Civ. P. 60(c)(1). Because a timely post-judgment motion is pending, the Court retains jurisdiction notwithstanding any notice of appeal (Fed. R. App. P. 4(a)(4)(B)); in the alternative, the Court may issue an indicative ruling (Fed. R. Civ. P. 62.1).

NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)    **3**

**BASIS**

6)    Intervenors state the grounds for their motion in this Notice, the following Memorandum, the concurrently filed Declaration under Local Rule 230(j), the [Proposed] Order, and the record, including but not limited to, the Intervenors' original motion (Document 33), the CMA Plaintiffs' Combined Opposition (Document 36), as well as the Attorney General's March 5, 2026 Letter Brief (Document 50).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

7)    This is a motion to correct a legal error, and a resulting manifest injustice.

8)    The Court dismissed this action on one jurisdictional ground: that the Attorney General is not "fairly charged" with enforcing California Civil Code § 2924.13 and so is not amenable to suit under ***Ex parte Young***, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), making the claims barred by Eleventh Amendment sovereign immunity. (ECF No. 51 at 8, 15.):

9)    The Court's Ruling in Document 51 rests on the following core:

> Plaintiffs generally assert that defendant has the authority to enforce § 2924.13. (Doc. No. 26 at 9–10.) However, it is unclear what plaintiffs base this assertion upon. As described in detail above, § 2924.13 specifically creates identified affirmative defenses in foreclosure proceedings, authorizes state courts to enjoin a proposed foreclosure sale on a borrower's petition for relief prior thereto, and creates other equitable remedies in connection with foreclosure proceedings, petitions for relief before a foreclosure sale, and petitions for relief following a foreclosure sale. § 2924.13(d)–(g). In short, § 2924.13 provides for its enforcement by borrowers in state court civil proceedings involving both nonjudicial and judicial foreclosures. The statute does not in any way authorize the defendant state attorney general to pursue a civil or administrative action in order to enforce the statute. "While ***Ex [P]arte Young*** authorizes federal courts to enjoin certain state officials from enforcing state laws, the petitioners do not direct this Court to any enforcement authority the attorney general possesses . . . that a federal court might enjoin him from exercising." ***Whole Woman's Health v. Jackson***, 595 U.S. 30, 43 (2021) . . .
> 2 Defendant also argues in his reply that, were the injunction sought by plaintiffs issued, it would not provide plaintiffs the relief they seek and accordingly plaintiffs have not shown that their injuries are redressable by this court or traceable to defendant. (Doc. No. 28 at 12–13.) Because the court finds that the ***Ex Parte Young*** exception does not apply here, the court need not and does not address this argument.

Case 2:25-cv-02614-DAD-CKD Document 51 Filed 06/04/26 Page 8 of 17, lines 11-24.

---

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)**    **4**

**10)**    A dismissal on grounds of sovereign immunity is jurisdictional; it is not a decision on the merits and cannot be entered with prejudice, on the merits, or without leave to amend.

**11)**    That the Court's June 4, 2026, Judgment (ECF No. 52) dismissed the CMA Plaintiffs' complaint with prejudice and on the merits, without leave to amend, constitutes a serious mistake of law — and "mistake" under Rule 60(b)(1) "includes a judge's errors of law." ***Kemp v. United States***, 596 U.S. 528, 533–34 (2022).

**12)**    The disposition of the Akrabians' intervention derives from the same error and accordingly shares the same defect.

**13)**    The Court did not evaluate, make findings of fact or conclusion of law, or otherwise weigh Rule 24; the Court simply denied intervention "as … moot," a ruling that exists only because the case was dismissed. (ECF No. 51 at 17.)

**14)**    Correcting the judgment removes the predicate for mootness, and reconsideration of that derivative ruling is available under Local Rule 230(j) and Rule 60(b)(6).

**15)**    The Akrabians do not ask the Court to reconsider the constitutionality or retroactive reach of § 2924.13, and this Motion is not a substitute for appeal. ***Latshaw v. Trainer Wortham & Co.,*** 452 F.3d 1097, 1101 (9th Cir. 2006), but in fact, the Akrabians have filed their Notice of Appeal.

**16)**    The Akrabians ask only that the Court correct the legal character of its own judgment and decide the intervention on its merits. A with-prejudice judgment entered on a jurisdictional ruling, moreover, threatens the Akrabians with claim- and issue-preclusion in their related litigation, giving them a concrete, personal stake in its correction.

**17)**    The Motion is timely — filed within the appeal period, and thus within a "reasonable time" under Rule 60(c)(1) — and the Akrabians separately preserve their appeal from the denial of intervention.

## II.  BACKGROUND

**18)**    Plaintiffs — a consortium of mortgage-finance and foreclosure-industry participants, including

the firm that foreclosed on the Akrabians, ZBS Law, LLP — sued the Attorney General to invalidate § 2924.13 (AB 130, eff. July 1, 2025) as facially unconstitutional. (ECF No. 14.)

19)   On February 13, 2026, the Akrabians filed their Ex-Parte Motion for Leave to intervene under Rule 24(a)(2) to clarify the scope and otherwise to defend the statute and to establish that § 2924.13(g)'s set-aside remedy reaches their foreclosure. (ECF No. 33.)

20)   Plaintiffs opposed. (ECF No. 36.) The Attorney General defended the statute and argued for retroactive effect as to foreclosures initiated after enactment, but took no position on the temporal scope of retroactivity or on completed or previously litigated foreclosures. (ECF No. 50.)

21)   On June 4, 2026, the Court entered its Order (ECF No. 51) and the Clerk entered Judgment (ECF No. 52). Analyzing sovereign immunity under **_Ex parte Young_,** the Court found that § 2924.13 "provides for its enforcement by borrowers in state court civil proceedings" and "does not in any way authorize the defendant state attorney general to pursue a civil or administrative action in order to enforce the statute." (ECF No. 51 at 8.)

22)   In Document 51, on June 4, 2026, this Court dismissed the First Amended Complaint "without leave to amend," denying intervention "as … moot," as described above, and closed the case. (ECF No. 51 at 15–17.)

23)   The Court did not reach the constitutionality of § 2924.13, the scope and substantive or procedural reach of § 2924.13(g), or the merits of the Akrabian's intervention.

24)   On June 29, 2026, plaintiffs and the Attorney General stipulated to a briefing schedule for plaintiffs' own post-judgment motion, with the motion due July 2, 2026 and a hearing set for October 19, 2026. (ECF No. 53.)

25)   On July 2, 2026, plaintiffs filed a notice of appeal and a post-judgment motion seeking leave to file a proposed Second Amended Complaint that, among other things, precisely following Judge Dale A. Drozd's recommendations in Document 51, named **Kahlil Mohseni**, in his official capacity as

---

Commissioner of the Department of Financial Protection and Innovation of the State of California, alongside Attorney General Rob Bonta.

### III.  LEGAL STANDARDS

26)    Rule 60(b) permits relief from a final judgment for enumerated reasons. Under Rule 60(b)(1), a court may grant relief for "mistake," which "includes a judge's errors of law." *Kemp*, 596 U.S. at 533–34. Under Rule 60(b)(6), a court may grant relief for "any other reason that justifies relief," in extraordinary circumstances. *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005); *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863–64 (1988); *see* 11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2857 (3d ed.).

27)    A Rule 60(b) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Rule 60(b) is not a substitute for appeal and does not relitigate the merits. *Latshaw,* 452 F.3d at 1101 [*supra*].

28)    Reconsideration in the Eastern District of California is governed by Local Rule 230(j).

29)    A would-be intervenor whose motion was denied may seek reconsideration of, and relief bearing on, that ruling. *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394–96 (1977); *Robert Ito Farm, Inc. v. County of Maui,* 842 F.3d 681, 686 (9th Cir. 2016).

30)    Because a timely post-judgment motion is pending, the Court retains jurisdiction notwithstanding a notice of appeal, *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); Fed. R. App. P. 4(a)(4)(B); alternatively, the Court may issue an indicative ruling, Fed. R. Civ. P. 62.1.

31)    Thus, Under Rules 60(b)(1), 60(b)(6) and Local Rule 230(j) the Akrabians submit as follows:

32)    The general rule in the 9th Circuit is that dismissals for lack of subject-matter jurisdiction must be without prejudice (*Missouri ex rel. Koster v. Harris*, 847 F.3d 646 (9th Circuit, May 6, 2017):

> In general, dismissal for lack of subject matter jurisdiction is without prejudice. See *Kelly v. Fleetwood Enters., Inc*., 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissing a complaint without prejudice when the amount in controversy requirement was not met); *Freeman v. Oakland Unified Sch. Dist.,* 179 F.3d 846, 847 (9th Cir. 1999) (order) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court." (internal quotation marks and ellipsis omitted)). The theory

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)** **7**

undergirding the general rule is that "the merits have not been considered" before dismissal. ***Cooper v. Ramos***, 704 F.3d 772, 777 (9th Cir. 2012). . . . . As a result, the complaint should have been dismissed without prejudice. See ***City of Oakland v. Hotels.com LP***, 572 F.3d 958, 962 (9th Cir. 2009) (affirming dismissal but remanding to dismiss without prejudice); ***Kelly***, 377 F.3d at 1040 (affirming with instructions to enter order of dismissal without prejudice).

***Missouri ex rel. Koster v. Harris***, 847 F.3d 646, 656 (9th Cir. 2017)

**33)**     The Ninth Circuit recognized a narrow exception to the without-prejudice rule in ***Frigard v. U.S.,*** 862 F.2d 201 (9th Cir., 1988). The court in ***Frigard*** held that while ordinarily a case dismissed for lack of subject-matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert claims in a competent court, where the bar of sovereign immunity is absolute—meaning no other court has the power to hear the case and the plaintiffs cannot redraft their claims to avoid the exceptions to the applicable statute—the district court does not abuse its discretion in dismissing the action with prejudice

**34)**     ***Frigard*** was a case brought by investors who challenged certain actions and decisions by the U.S. Central Intelligence Agency, CIA, (1) suit based on misrepresentation was barred; (2) suit was barred under discretionary function; and (3) dismissal with prejudice was appropriate:

> Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. ***Black v. Payne***, 591 F.2d 83, 86 (9th Cir.), cert. denied, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979). Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the Frigards redraft their claims to avoid the exceptions to the FTCA. Thus, the district court did not abuse its discretion in dismissing the action with prejudice.

***Frigard v. United States***, 862 F.2d 201, 204 (9th Cir. 1988)

**35)**     The CMA case presents NO such statutory bar, nor does the Court's opinion suggest it does.

**36)**     However, even where dismissal with prejudice is permissible under the ***Frigard*** exception, **a sovereign immunity dismissal can never properly be characterized as a dismissal "on the merits."**

**37)**     The Ninth Circuit has been categorical on this point. In ***Hampton v. Pacific Investment Management Company LLC***, 869 F.3d 844 (9th Circuit, 2017), the court explained that dismissals under

---

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)** **8**

Rule 12(b)(6) are judgments on the merits, while dismissals for lack of subject-matter jurisdiction are not—and a court lacking jurisdiction has no power to adjudicate the merits.

38)    This Court, in its June 4, 2026, order of dismissal [Document 51], nowhere finds that the sovereign immunity in this case is "absolute" or that Plaintiffs could not potentially refile or redraft their complaint to assert their rights to a constitutional determination of the validity, scope, and historical dimensions of retroactivity inherent in §2924.13.

39)    Nor does this Court discuss any of the controlling cases from the 9th Circuit cited above in its brief discussion of "Leave to Amend" (Section C of the Order) at Document 51, page 16, lines 11-25.

40)    In fact, at page 6-15 of Document 51, in the main body of its decision, the Court focuses on the mixed question of the California Attorney General's legal and factual authority and role in enforcing §2924.13, but in doing so, implicitly suggests several paths by which the Plaintiffs could amend their complaint to maintain their case.

41)    In regard to Intervenors, while the Court's Order of June 4, 2026, does not address their allegations or position at all, the Intervenors would point out that:

    (a) Attorney General Bonta has in fact vigorously and fearlessly defended §2924.13, going far beyond mere 11th Amendment assertions of sovereign immunity in light of ***Ex Parte Young*** and derivative jurisprudential doctrines;

    (b) The Attorney General obviously retained and presented valuable and competent expert witness testimony in support of the statutes importance and value public purpose, in correct California cultural-historical, socio-economic, and general context in light of the past twenty years of California demographic dislocation resulting from the mortgage finance and foreclosure crisis AND

    (c) Most Relevant to this Intervention, the Attorney General filed Document 50, which basically affirms, aligns with, and supports the Akrabian's central contention and purposes in

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)**   **9**

intervening in this case:

THE LEGISLATURE INTENDED SECTION 2924.13 TO BE GIVEN RETROACTIVE EFFECT.

Although statutes are generally presumed to apply only prospectively, "this presumption is rebuttable," *Preston v. State Board of Equalization*, 25 Cal. 4th 197, 222 (2001); indeed, "this presumption is a canon of statutory interpretation rather than a constitutional mandate." *People v. Frahs*, 9 Cal. 5th 618, 627 (2020). California's Legislature can enact laws that apply retroactively "by implication." Id. at 627. For example, *Frahs* concerned one type of statute—ameliorative criminal laws—where courts often decide laws are retroactive, even without express legislative statements, particularly when there is "no clear contraindication of legislative intent." Id. at 630. But courts look to legislative intent to determine a statute's retroactivity in other contexts as well. See, e.g., *In re Marriage of Bouquet*, 16 Cal. 3d 583 (1976) (amendment to statute providing that earnings of both spouses while they live apart constitute separate property was intended to be retroactive). While Marriage of Bouquet has been disapproved of in several subsequent cases (see *Evangelatos v. Superior Ct*., 44 Cal. 3d 1188 (1988) and *Californians for Disability Rts. V. Mervyn's, LLC*, 39 Cal. 4th 223 (2006)), it has also been cited approvingly. See Preston, 25 Cal. 4th at 221-222; see also *McHugh v. Protective Life Ins. Co*., 12 Cal. 5th 213, 248 (2021) (conc.) (quoting *Preston* for importance of looking to legislative history and extrinsic sources to determine whether statute is retroactive). And, a majority opinion of the California Supreme Court has recently confirmed: "The retroactivity presumption is not a straightjacket." *McHugh*, 12 Cal. 5th at 235 (cleaned up). In that case, the Court avowed, whether taking a general or more narrow view of the definition of retroactivity, "[u]nder either, we decline to give the presumption such weight that it determines the outcome of this case." *Id.*

42)    What Attorney General Bonta does NOT address is the TEMPORAL and CIRCUMSTANTIAL SCOPE of the retroactivity implicit in California Civil Code §2924.13, and how courts should apply that retroactivity in light of prior adjudication (i.e. doctrines of collateral estoppel "issue preclusion" and res judicata "claim preclusion.")

43)    Accordingly, what the Intervenors John and Marina Akrabian must do, either in this case or another case (appearing as Defendants and counterclaimants, counterclaiming against, and naming as Defendants, precisely the CMA Plaintiffs in this case) is to file the Complaint seeking Declaratory Judgment and Injunctive Relief.

44)     In such a suit, Intervenors would allege that the plain language of §2924.13, its historical context and legislative history in the aftermath of the California mortgage-finance crisis starting in 2007, and its constitutional implications imply and indeed require at least 5-20 years of "reachback" retroactivity prior to passage by AB 130 and implementation one year ago yesterday, on July 1, 2025.

45)     The Attorney General having already taken the first steps towards sustaining this position, it seems strange indeed that the Court finds that California's Bonta is really not a proper party Defendant in a suit for declaratory judgment to apply, construe, and implement §2924.13 in exactly the same constitutionally complete manner consistent with the original intent of the California Legislature that his involvement in this case to date has already affirmed.

## MANIFEST INJUSTICE AND ERROR OF LAW — RULE 60(B)(1) AND 60(B)(6).

46)     Accordingly, a dismissal for lack of subject-matter jurisdiction (sovereign immunity) cannot be entered with prejudice, on the merits, or without leave to amend. Correcting that manifest injustice and legal error in the judgment constitute the core office of Rule 59(e). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### IV.    SUMMARY OF LEGAL ARGUMENTS

**A. *This Jurisdictional Dismissal Cannot Be Entered "With Prejudice," "on the Merits," or "Without Leave to Amend."***

47)     Eleventh Amendment immunity is jurisdictional.

48)     As thoroughly discussed above, dismissal on that basis holds that the Court lacks subject-matter jurisdiction; it is not a decision on the merits, and it must be entered without prejudice. *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) (sovereign-immunity dismissal should be without prejudice)**;** *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (jurisdictional dismissal must be without prejudice because the court has not reached the merits). A court without jurisdiction "has no power to reach the merits" and cannot enter a merits-preclusive judgment. Entering one is a manifest error of law under Rule 59(e).

49) The Judgment (ECF No. 52) is final and, on its face, claim-preclusive; the Order dismissed "without leave to amend"—a merits (Rule 15 futility) determination the Court could not reach on a jurisdictional ruling. Both features exceed the Court's holding and should be corrected so the dismissal is expressly without prejudice, not on the merits, and not a denial of leave to amend.

### B. The Proper-Defendant Defect the Court Identified Is Curable, so Dismissal Without Leave to Amend Was Error.

50) As argued herein throughout this Motion, this Court's June 4 Order is best read as a ruling about the identity of the proper defendant: the Attorney General is not "fairly charged" with enforcing § 2924.13, and therefore is not amenable to suit **under *Ex parte Young***. (ECF No. 51 at 8); see ***L.A. County Bar Ass'n v.*** *Eu,* 979 F.2d 697, 704 (9th Cir. 1992); ***Whole Woman's Health v. Jackson****,* 595 U.S. 30, 43 (2021).

51) But the Court did not find that *no one* enforces the statute. It found the opposite—that § 2924.13 "provides for its enforcement by borrowers in state court," and that private actors, not the Attorney General, are connected to it. (ECF No. 51 at 8.)

52) A ruling that the plaintiffs sued the wrong party—while identifying who the proper parties are (the private foreclosing plaintiffs already before the Court, among them ZBS Law, or, if a state enforcer is required, a consumer-protection agency of the California Executive Branch)—describes a curable defect of parties, not a merits bar. The ordinary remedy is leave to amend or realignment, not dismissal with prejudice. Fed. R. Civ. P. 15(a). That the Court foreclosed amendment on a defect it had shown to be curable is independent manifest error.

53) For purposes of this motion, the Intervenors will not argue and this Court does not need to decide at this point what is the appropriate cure, or to choose between realignment of the Intervenors vs. the CMA Plaintiffs and ZBS Law or else Intervenors and Plaintiffs vs. joinder of a state agency such as the DFPI.

---

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)**    **12**

## IV. CONCLUSIONS

### A. The Judgment Reflects a Mistake of Law Correctable Under Rule 60(b)(1) and 60(b)(6)

54)    Eleventh Amendment immunity is jurisdictional. A dismissal on that basis holds that the Court lacks subject-matter jurisdiction; it is not a decision on the merits and must be entered without prejudice. *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988); *Fleck & Assocs., Inc. v. City of Phoenix,* 471 F.3d 1100, 1106–07 (9th Cir. 2006). The Judgment (ECF No. 52) instead operates as a final, merits-preclusive, with-prejudice adjudication and dismisses "without leave to amend."

55)    That is a legal error, and under *Kemp,* a judge's legal error is a "mistake" within Rule 60(b)(1). 596 U.S. at 533–34. The Court should correct the Judgment and Order so the dismissal is without prejudice, is not on the merits, and is not a denial of leave to amend.

### B. The Proper-Defendant Defect Is Curable, So Dismissal Without Leave to Amend Was Error.

56)    Denial of leave to amend is a merits (Rule 15 futility) determination the Court could not reach on a jurisdictional ruling.

57)    A wrong-defendant defect is cured by amendment or realignment, not a merits dismissal. Fed. R. Civ. P. 15(a); *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir. 1996) (post-judgment amendment requires reopening under Rule 59 or 60).

58)    With regard to Declaratory Judgment, it is hard to understand why Sovereign immunity shields the attorney general from suit.  Even judges, protected by absolute immunity, are amenable to actions for Declaratory Judgment under 42 U.S.C. §§1983 and 1988.

59)    Plaintiffs themselves confirm the defect is curable: their own post-judgment motion seeks leave to file a Second Amended Complaint adding a state enforcer, and their Request for Judicial Notice relies on Senate Bill 825 (Stats. 2025, ch. 355), which gives the Commissioner of the Department of Financial Protection and Innovation independent authority over unfair, deceptive, and abusive acts and practices

by licensees otherwise exempt from the California Consumer Financial Protection Law. (ECF No. 57-1, Ex. 4); Cal. Fin. Code §§ 90002, 90012.

60)     A state officer "fairly charged" with enforcing the norms § 2924.13 embodies is therefore available, and the Plaintiffs can and have cured the wrong-defendant defect by amendment, and Intervenors may file a complaint realigning the Plaintiffs as cross-Defendants, preferable than dismissal.

61)     The Akrabians acknowledge that whether DFPI's UDAAP authority reaches §2924.13's specific requirements is a merits question for another day; the narrower point here is that a curable defect of parties cannot support a merits, with-prejudice dismissal.

### C. The Denial of Intervention Warrants Relief Under Rule 60(b)(6) and Local Rule 230(j).

62)     The primary, and primal, error committed in this case is that the Court intervention "as … moot," providing no analysis whatsoever, making no findings of fact or conclusions of law, and actually failing to consider any factors Rule 24, including whether the Akrabians had interests which could not be protected except by intervention. (ECF No. 51 at 17.)

63)     That denial of the Akrabians' intervention as moot derived exclusively from the entry of a Judgment which is legally erroneous and manifestly unjust; correcting the Judgment to "without prejudice" and "not on the merits," and "with leave amend" nullifies, removes, and vacates the only possible predicate for denial under Rule 24.

64)     Correct the Judgment of "Dismissal with Prejudice", and the premise for denying the Intervention falls away, thus, the entire Judgment becomes null and void.

65)     The plaintiffs themselves contend that a pre-enforcement adjudication of the scope, timing, and subject matter of § 2924.13 is a vital, justiciable controversy—and on that the Akrabians agree.

66)     With all relevant parties already assembled—industry plaintiffs (including the firm that foreclosed on the Akrabians), the Attorney General, and the borrower-intervenors the statute makes its enforcers—this Court is an incomparable forum to determine that framework. A live dispute of that

importance is not "moot" precisely because BOTH the validity and scope of a newly enacted statute, §2924.13, remain entirely alive and justiciable.  This Court CAN adjudicate the rights and interests of the parties.

67)      Reconsideration of the ruling on the Akrabians' own motion lies under Local Rule 230(j), and the extraordinary circumstance of a non-party shut out of the case by a jurisdictionally erroneous, with-prejudice judgment supports relief under Rule 60(b)(6). *Gonzalez,* 545 U.S. at 535; *Liljeberg,* 486 U.S. at 863–64. A denied would-be intervenor may seek this relief. *United Airlines,* 432 U.S. at 394–96; *Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 896–97 (9th Cir. 2011).

68)      The controversy, and the Akrabians interest in it, remain concrete and of significant public importance — the opposite of moot. Plaintiffs' own judicially noticed materials show another intervening change in law that provides further reasons why:

69)      The **Federal Consumer Financial Protection Bureau** has curtailed enforcement and signaled that the States must "step into the breach," and California responded with Senate Bill 825 and § 2924.13. (ECF No. 57-1, Exs. 4–5; see 87 Fed. Reg. 31940 (2022).) The scope, timing, and reach of § 2924.13 thus present a live, justiciable question in which the Akrabians — the borrowers the statute makes its enforcers — have a direct interest, and which this Court, with all affected parties present, is well positioned to decide.

### D.  On Reopening, the Akrabians' Renewed Motion to Intervene Should Be Granted.

70)      Since a judgment of dismissal with prejudice, solely on grounds of sovereign immunity, is basically and inherently wrong, unjust, and contrary to law, intervention should be decided on its merits and granted.

71)      The Akrabians' motion was timely; they assert an interest in the § 2924.13(g) remedy; invalidation of the statute would as a practical matter impair that interest; and no existing party represents it — the Attorney General took no position on the temporal scope of retroactivity or on

completed or previously litigated foreclosures. That is the "minimal" showing of inadequate representation Rule 24(a)(2) requires. *Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc); *Berger v. N.C. State Conf. of the NAACP,* 597 U.S. 179, 195–96 (2022). At a minimum, permissive intervention is warranted under Rule 24(b).

### E.    The Motion Is Timely, Is Not a Substitute for Appeal, and the Court May Act.

72)    The Motion is filed within the period for appeal from the June 4 Judgment and thus within a reasonable time. Fed. R. Civ. P. 60(c)(1). It corrects a legal error; it does not relitigate the merits or replace the appeal, which the Akrabians separately preserve. *Latshaw,* 452 F.3d at 1101 [.

73)    Because CMA Plaintiffs' timely post-judgment motion is pending, the Court retains jurisdiction to decide this Motion notwithstanding any notice of appeal. *Griggs,* 459 U.S. at 58; Fed. R. App. P. 4(a)(4)(B). If the Court concludes otherwise, it may state that it would grant relief or that the Motion raises a substantial issue, and the Akrabians will seek a remand. Fed. R. Civ. P. 62.1.

### COMPLIANCE WITH LOCAL RULE 231(d)

74)    Applicants-for-Intervention John and Marina Akrabian intend and will offer to present oral testimony at any hearing on their Rule 60(b)(1), 60(b)(6) and Local Rule 230(j) Motions for Reconsideration and for Relief from Judgment, as well as their Rule 24(a) Ex-Parte Application for Leave to Intervene.   Counsel for applicants/movants anticipates that the hearing will require approximately two hours including 45-60 minutes of the Akrabians' and possible supporting witnesses live testimony.

### V.   PRAYER FOR RELIEF

75)    **WHEREFORE**, the Akrabians respectfully move and request that the Court grant relief from the Judgment and Order so the dismissal is without prejudice, not on the merits, and not without leave to amend; vacate the denial of intervention and decide it on the merits (or grant it); or, in the alternative, issue an indicative ruling under Rule 62.1.

**76)    SPECIFICALLY,** for all of the above and foregoing reasons, John and Marina Akrabian pray that this Court grant their Motion pursuant to Rules 59(e) and 60(b)(1) and 60(b)(6), as well as Local Rule 230(j) of the Eastern District of California.

**77)** In the alternative, Intervenors pray that this Court vacate its June 4, 2026, dismissal and agree to allow further briefing of the critically important constitutional issues in this case.

**78)** In addition, Intervenors move and pray that this Court will grant their Motion to Adopt or Join in the Scheduling Order Stipulated on June 29, 2026, (ECF No. 53) without prior notice to their counsel, and approved and ordered by the Court on July 2, 2026 (ECF No. 54).

**Monday, July 6, 2026**

**RESPECTFULLY SUBMITTED,**

### */s/Michael L. Tusken/s/*

**Michael L. Tusken**, **Cal. Bar No. 175715)**
**Law Offices of Michael Tusken**
**Michael@TuskenLaw.com**
**1510 West Whittier Boulevard, #42**
**La Habra, California 90631**
**Telephone: 562-365-9465**
**Facsimile: 562-252-8529**

**Attorney for John and Marina Akrabian**

---

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)**    **17**

**DECLARATION OF MICHAEL L. TUSKEN PURSUANT TO LOCAL RULE 230(j)**

I, Michael L. Tusken, declare:

1. I am an attorney licensed to practice in the state of California and in this United States District Court for the Eastern District of California.

2. I am counsel for proposed intervenors John and Marina Akrabian and have personal knowledge of the facts stated here. I make this declaration under Local Rule 230(j).

3. Prior rulings. On February 13, 2026, the Akrabians applied on an ex-parte basis for leave to intervene (ECF No. 33).

4. The CMA Plaintiffs vigorously responded in opposition (ECF No. 36).

5. On February 19, 2026, he Court briefly heard oral argument on the intervention, suggesting it should not be granted merely on an ex-parte basis.

6. On June 4, 2026, the Court entered its Order (ECF No. 51) dismissing the First Amended Complaint on sovereign-immunity grounds without leave to amend and denying intervention as moot; the Clerk entered Judgment (ECF No. 52).

7. No prior motion for reconsideration has been made to any judge.

8. Sequence bearing on timeliness. On June 12, 2026, the undersigned's office contacted lead counsel for plaintiffs to ask whether plaintiffs would seek post-judgment relief; counsel was then undecided.

9. On June 29, 2026, plaintiffs and the Attorney General stipulated to a briefing schedule for plaintiffs' post-judgment motion (ECF No. 53). On July 2, 2026, plaintiffs filed a notice of appeal and a post-judgment motion.

10. The Akrabians bring this Motion promptly and within the 30-day period for appeal.

11. Reconsideration is sought because (a) a jurisdictional (sovereign-immunity) dismissal cannot be entered with prejudice, on the merits, or without leave to amend — a mistake of law under Rule

---

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND 18 LOCAL RULE 230(j)**

60(b)(1); (b) the Order itself found the statute is enforced by borrowers, not the Attorney General (ECF No. 51 at 8), showing a curable defect of parties; and (c) the denial of intervention rested solely on mootness derivative of the judgment.

12. These grounds concern the terms of the Order and Judgment and could not have been raised before their entry on June 4, 2026.

13. Neither counsel for the CMA Plaintiffs nor the Attorney General gave notice to the Akrabians or their undersigned counsel of the plans for post-trial motions or a scheduling order, and they did not meet and consult with us in any way prior to the filing of ECF Documents 53 and the submission of what became the Court's Order in ECF Document 54.

14. The Akrabians submit it would be just and right and therefore authorized by law to allow them merely to join the same schedule as outlined in ECF Documents 53 and 54.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed Monday, July 6, 2026, at La Habra, California.

**Monday, July 6, 2026**

*/s/Michael L. Tusken/s/*
**Michael L. Tusken**, Cal. Bar No. 175715)
**Law Offices of Michael Tusken**
**Michael@TuskenLaw.com**
**1510 West Whittier Boulevard, #42**
**La Habra, California 90631**
**Telephone: 562-365-9465**
**Facsimile: 562-252-8529**

**Attorney for John and Marina Akrabian**

**NOTICE OF MOTION AND MOTION PURSUANT TO RULES 60(b)(1), 60(b)(6), AND LOCAL RULE 230(j)** 19

**[PROPOSED] ORDER**

Having considered the motion of proposed intervenors John and Marina Akrabian under Federal Rule of Civil Procedure 60(b)(1) and (6), Local Rule 230(j), and Rule 24, and good cause appearing, the Court ORDERS:

1. Relief from the Judgment (ECF No. 52) and Order (ECF No. 51) is GRANTED to the extent that the dismissal of the First Amended Complaint is WITHOUT PREJUDICE, is not an adjudication on the merits, and is not without leave to amend.

2. The denial of the motion to intervene (ECF No. 33) is VACATED, and that motion is [GRANTED / SET for hearing on the merits].

3. [Alternatively, the Court states under Rule 62.1 that it would grant the foregoing relief, or that the motion raises a substantial issue, if the Court of Appeals remands.]


IT IS SO ORDERED.


DATED: _____    _____
                         Hon. Dale A. Drozd
                         United States District Judge
                         United States District Court
                         Eastern District of California, Sacramento, CA

## PROOF OF SERVICE

I am employed in Los Angeles County in the State of California; I am over the age of 18 years and not a party to the within action; my business address is 1510 W. Whittier Blvd., #42, La Habra, CA 90631.

On Monday,  July 6, 2026, I electronically filed the foregoing document entitled "John and Marina Akrabian's Rule 60(b)(1) and 60(b)(6) Motion for Relief from Judgment and for Reconsideration of June 4, 2026 Order of Dismissal and Denial of Intervention with the Clerk of the United States District Court for the Eastern District of California, Sacramento Division, using the CM/ECF System.  The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| BUCHALTER, A Professional Corporation<br>Harry W.R. Chamberlain II (Bar No. 95780)<br>Email: hchamberlain@buchalter.com<br>Jason E. Goldstein (Bar No. 207481)<br>Email: jgoldstein@buchalter.com<br>Robert S. McWhorter (Bar No. 226186)<br>Email: rmcwhorter@buchalter.com<br>Jarrett S. Osborne-Revis (Bar No. 289193)<br>Email: josbornerevis@buchalter.com<br>Katharine H. Falace (Bar No. 222744)<br>Email: kfalace@buchalter.com<br>500 Capitol Mall, Suite 1900<br>Sacramento, CA 95814<br>Telephone:  916.495.5170<br><br> WRIGHT, FINLAY & ZAK, LLP<br>T. Robert Finlay (Bar No. 167280)<br>Email: rfinlay@wrightlegal.net<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA 92660<br> Telephone: 949.477.5050 | Attorneys for Plaintiffs:<br>CALIFORNIA MORTGAGE ASSOCIATION;<br>CALIFORNIA CREDIT UNION LEAGUE;<br>UNITED TRUSTEES ASSOCIATION;<br>CHEN WANG QIN;<br>SURF CITY INVESTORS, LLC;<br>STEPHEN NG;<br>NDETAIL CAPITAL LLC;<br>BALBOA, LLC;<br>WILLIAM TERRY HUNEFELD;<br>POSTCITY FINANCIAL CREDIT UNION;<br>BEACON DEFAULT MANAGEMENT, INC., and<br>ZBS LAW, LLP, a California limited liability partnership |

*John and Marina Akrabian's*
*Rule 24 Ex-Parte Application for Leave to Intervene and to Continue Hearing*
*Set for Thursday 19 February 2026*

1

| | |
|---|---|
| **ROB BONTA**<br>**Attorney General of California**<br>**LARA HADDAD,**<br>**State Bar No. 319630**<br>**Supervising Deputy Attorney General**<br>**WILLIAM BELLAMY,**<br>**State Bar No. 347029**<br>**Deputy Attorney General**<br>**CARTER M. JANSEN,**<br>**State Bar No. 347116**<br>**Deputy Attorney General**<br>**300 South Spring Street, Suite 1702**<br>**Los Angeles, CA  90013-1230**<br>**Telephone: (213) 269-6601**<br>**Fax: (916) 731-2124**<br>**E-mail:  carter.jansen@doj.ca.gov** | **Attorneys for Defendant Rob Bonta in his official capacity as Attorney General of the State of California** |

**[X]   (BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)** In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

**[X]   (FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on Monday, July 6, 2026, at Rowland Heights, California.

*/s/  Michael L. Tusken*

**Michael L. Tusken**

*John and Marina Akrabian's*
*Rule 24 Ex-Parte Application for Leave to Intervene and to Continue Hearing*
*Set for Thursday 19 February 2026*

2